THOMAS GROGAN v. THE MAYOR, ALDERMEN AND COMMON-
ALTY OF THE CITY OF NEW YORK, owners, and PATRICK
McAULIFFE, contractor.

In an action against an owner and a contractor, under the mechanics' lien law
of 1851 and the amendatory act of 1855, it appeared that the work and
materials, for which· the plaintiff claimed, did not conform to the original
contract—that the deviations therefrom were not directed by the owners,
nor, except in part, by their architects—and that the work, &c., had not been
accepted by them; *held*, that no judgment could be rendered against the
owners.  ·
The labor and materials being in pursuance of the employment or agreement
between the plaintiff and the original contractor, but not in conformity to
the contract with the owners, judgment was awarded in favor of the latter
for their costs of suit, and in favor of the plaintiff, against the contractor
only, for the amount claimed with interest.

SPECIAL TERM, NOVEMBER, 1856.

Before BRADY, J.

IN June, 1854, the school officers of the nineteenth ward,
in the city of New York, entered into a written contract with
the defendant, Patrick McAuliffe, for the erection of an edi-
fice in 51st street, in accordance with certain plans and spe-
cifications.    In July ensuing, the contractor employed the
plaintiff to perform labor and furnish materials in the con-
struction of the building, which he did, to the amount and
value of $1,548 66.

For this sum, the claimant filed with the county clerk the
notice of claim, provided in the sixth section of the " act for
the better security of mechanics and others," passed July 11,
1851, and served upon the defendants the notice mentioned
in the fourth section, to bring the alleged lien to a close, ac-
companying the service with a bill of the particulars of the
demand.

The plaintiff and the defendants, The Mayor, &c., appear-
ed by attorney, on the return of the notice last mentioned,
but the defendant, McAuliffe, made default.  The usual or-

der having been entered, the cause proceeded upon complaint and answer, the litigation being conducted by the plaintiff and the corporation only, although the contractor was also, nominally, a party to the proceeding.

Special issues having been framed by consent, the same were directed to be tried by a jury, who found, among other things, as follows : 1. That the work and materials in question were performed and furnished in pursuance of the terms of McAuliffe's employment of the plaintiff, and were of the amount and value above stated, which amount remained due and unpaid to the plaintiff ; but, 2. That the same were not in conformity with the contract between McAuliffe and the school officers ; 3. That the deviations from the original contract were not by direction of the corporation or their agents, except partially by the architects in the employ of the school officers ; 4. That the plaintiff had not obtained the certificate of the architects, which the contract made a condition precedent to the contractor's right to receive payment, and that such certificate had not been withheld by fraud, nor waived, except partially by a resolution of the school officers ; 5. That in accordance with the direction of the Board of Education, the edifice was taken down, as not erected pursuant to the specifications and requirements of the contract ; and, 6. That the board had canceled their appropriation for the construction of the building.

The case now came before the court, at special term, on an application for a judgment or decree upon the verdict.

*Chauncey Shaffer,* for the plaintiff.

*Robert J. Dillon,* counsel to the corporation, for the defendants, The Mayor, &c.

BRADY, J.—Several issues were specially ordered to be tried by a jury in this action, and were so tried. Among other findings, the jury found that the work done and materials furnished by the defendant, McAuliffe, were not done

and furnished in conformity to the contract between the defendants, and that the deviations in the work from such contract were not by the direction of the defendants, The Mayor, &c., except partially by their architects. These findings render it impossible for the plaintiff to succeed.

There are certain facts which must be established to enable a mechanic or material man to recover a judgment against the owner, under the provisions of the act of 1851 and amendment to secure mechanics and others, &c. There must be a contract. The work or materials done or furnished must be in conformity to the contract, unless accepted and objection waived. The defendant must be the owner of the land, upon which the building is erected, partially or otherwise. And there must be something due to the contractor, or to become due, under the contract.

These are essential prerequisites, and it would be unjust to a defendant owner to dispense with either, but more particularly to hold him responsible to the mechanic or material man if the work done or materials furnished are not and neither of them is in conformity to the contract, and nothing, therefore, due to the contractor. It is true, that this would seem to impose upon the persons named the duty of ascertaining that the materials or work were in conformity to the contract, but the law must make their liens thus acquired by legislative enactment subservient to the owner's right, between whom and them there is no privity of contract, and to whom they must be strangers. At all events this court has decided the proposition here stated, (*Dixon* v. *La Farge*, 1 E. D. Smith, 722,) and it is sustained by every principle of justice.

The plaintiff may suffer, but the defendants, The Mayor, &c., have also suffered by the omission of the defendant, McAuliffe, to perform his contract, and have derived no benefit, apparently, from the labor and materials done and furnished, inasmuch as the building erected was taken down by direction of the Board of Education, because it was not built according to the plans and specifications. Nothing is

found due to the contractor, and there is nothing in the case to justify the conclusion that he was entitled to any thing from the defendants, The Mayor, &c. For these reasons judgment must be rendered for the defendants, The Mayor, &c., and against the defendant, McAuliffe, for the sum of $1,548 66, with interest from 19th June, 1855.

Ordered accordingly.